UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06-CV-P135-M
CRIMINAL ACTION NO. 4:03-CR-P9-M

GREGORY ANTOINE BELL                       MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                  RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

The movant, Gregory Antoine Bell, filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255). This matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] By Memorandum Opinion and Order entered November 7, 2006, the Court concluded that the movant's motion should be dismissed as time barred, but provided the movant with an opportunity to respond. The Court warned the movant that his failure to respond within thirty days would result in dismissal of this action. The thirty-day time period has expired, and the movant has failed to respond. Accordingly, because the movant's § 2255 motion is barred by the applicable statute of limitations it will be denied and this action dismissed.

**I. Analysis**

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitations period. The limitations period under § 2255 runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

---

[1] Rule 4(b) provides, in part: "If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . ."

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

On October 23, 2003, following the movant's plea of guilty, he was sentenced to a total of 180 months of incarceration for drug trafficking-related violations. The judgment and order of commitment were entered by the Court on December 8, 2003. On the same day, the movant's counsel, Carol W. Johnson, filed a notice of appeal. On December 15, 2003, the Sixth Circuit granted Ms. Johnson's motion to withdraw and for appointment of new counsel to represent the movant on appeal. On December 16, 2003, the Sixth Circuit appointed Salvatore C. Adamo of Phillipsburg, New Jersey, to represent the movant on appeal. By mandate issued November 24, 2004, the Sixth Circuit affirmed the movant's judgment and order of commitment. On December 6, 2004, Mr. Adamo petitioned the United States Supreme Court to issue a writ of certiorari on the movant's behalf. The Supreme Court denied the petition on January 10, 2005.

Thus, for the purposes of AEDPA, the one-year period began running on January 10, 2005, at the conclusion of direct review. The movant, however, did not file his § 2255 motion until October 20, 2006, a little over a year and nine months after the one-year statute of

limitations began running.[2]

However, the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The movant bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly." *Dunlap*, 250 F.3d at 1008-09.

In order to receive equitable tolling, the movant has the burden of demonstrating "that some extraordinary circumstance stood in his way" and prevented him from filing the motion in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To determine the appropriateness of equitably tolling the statute of limitations, a district court should consider the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1010 (applying the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003).

The movant appears to suggest that his failure to meet the deadline is attributable to the fact the he was "unaware of whom he was represented by [on appeal] and the exact date of the

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The movant dated his application on October 20, 2006, and it was received by the Court on October 23, 2006. Thus, it must have been handed to prison officials for mailing at some time between October 20 and 23. For purposes of this case, the Court gave the movant the benefit of the earliest possible filing date.

appeal court's decision."[3]  Besides mentioning these facts, the movant does not address the timeliness of his motion.

A prisoner's lack of knowledge concerning the final resolution of his case on appeal can provide a ground for equitable tolling "if the prisoner has acted diligently in the matter." *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (citing *Phillips v Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).  Diligence requires that the prisoner at least attempt to monitor the status of his case on appeal.  *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 583-84 (6th Cir. 2003) (indicating that an inmate has a "duty to monitor the status of his case on appeal").

The only evidence in the record regarding the movant's attempts to monitor the status of his case on appeal is a letter dated April 15, 2004, from the movant to this Court, in which the movant seeks information about the status of his case.  The Clerk of Court responded on April 22, 2004, informing the movant that his case had been appealed to the Sixth Circuit and that he could obtain additional information about his case by contacting that court.  Despite being given an opportunity to do so, the movant has failed to place any evidence in the record to demonstrate that he took any further steps to monitor the status of his appeal.  This suggest a lack of diligence, making the application of equitable tolling inappropriate.  *See Dunlap*, 250 F.3d at 1010.

Thus, the Court has concluded that the movant's § 2255 motion to vacate, set aside or correct sentence should be dismissed as barred by the applicable one-year statute of limitations.

## II.  Certificate of Appealability

In the event that the movant appeals this Court's decision, he is required to obtain a

---

[3] The movant also appears to be unaware that his counsel, Mr. Adamo, petitioned the United States Supreme Court for certiorari since he stated in his motion that he had not filed a petition for certiorari.

4

certificate of appealability. 28 U.S.C. § 2253(c)(1)(b); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc: Movant, *pro se*
4414.008