UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 4:03CR-9-M

GREGORY ANTOINE BELL                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Gregory Antoine Bell's motion for reduction or modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court will deny Defendant's motion.

**I. FACTS**

On December 5, 2002, Greenville, Kentucky, police officers stopped Gregory Antoine Bell for speeding and weaving across the center line. They arrested him for drunken driving. While searching Bell's vehicle incident to his arrest, the police discovered 124.7 grams of crack cocaine. Next to the crack cocaine, Bell had a loaded handgun. Police later found marijuana. Bell later admitted to his probation officer that he intended to distribute the crack cocaine at Christmas and New Year's Eve parties. He also claimed to have bought the crack for a man in Greenville, Kentucky, from a man in Nashville, Tennessee.

Bell pled guilty pursuant to a plea agreement. The United States agreed to recommend a sentence at the lowest end of the applicable guideline range but not less than any statutory mandatory minimum. The presentence report calculated Bell's sentencing range to be 120 to 121 months imprisonment because 21 U.S.C.§ 841(b)(1)(A) required a minimum sentence on Count 1 of 120 months. Bell also faced a 60-month statutory minimum for Count 2 pursuant to 18 U.S.C.

§ 924(c). According to the Judgment and Conviction entered on December 8, 2003, Bell received a mandatory minimum sentence of 180 months imprisonment for possessing crack cocaine with an intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during and in relation to his crack cocaine offense, in violation of 18 U.S.C. § 924(c); and simple possession of marijuana, in violation of 21 U.S.C. § 844.

On September 12, 2008, Bell moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Bell's motion was denied on February 23, 2009, because "the statute mandates a minimum sentence of 120 months regardless of the sentencing guidelines." This Court ordered that all provisions of the original Judgment and Conviction remain in full force and effect.

On November 1, 2010, Bell filed the instant motion. He again requested the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The heading of Bell's motion states, "This Motion is Based on recent 18:1 Sentencing." Therefore, the Court assumes Bell's motion is based upon Congress's recently passed Fair Sentencing Act of 2010, which was signed by President Obama on August 3, 2010. The 2010 Act alters, prospectively, the amount of crack cocaine that triggers the mandatory minimum sentences.

## II. ANALYSIS

The Fair Sentencing Act of 2010 does not justify a reduction in Defendant Bell's sentence because it does not apply retroactively. Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the amendment affects "substantive rights, liabilities, or duties" and

there is no statement from Congress that the amendment should apply retroactively, courts presume it applies only prospectively to future conduct. *Id.* at 278; *see also Greene v. United States*, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.").

Finding no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting Defendant's argument that the Act applies retroactively, the Court will not reduce Defendant's sentence. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [defendant] committed the crime in question.").

## III.  ORDER

Accordingly, **IT IS ORDERED** that the motion for reduction of sentence (DN 70) is **DENIED without prejudice**.  Should the Sentencing Commission make the Fair Sentencing Act of 2010 retroactive, Bell may renew his motion at that time.

Date:

cc:     Defendant Bell, *pro se*
        United States Attorney
4414.008

4